**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNIFIRST CORPORATION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO.** 23-cv-95 _____ |
| | § | |
| **JESSICA SALAS,** | § | |
| | § | |
| **Defendant.** | § | |

## COMPLAINT

Plaintiff UniFirst Corporation ("UniFirst") complains as follows against Defendant Jessica Salas ("Salas").

## I.

### INTRODUCTION

1.    By this action UniFirst seeks to compel Salas to comply with the Parties' agreement to individually arbitrate employment disputes, including Salas's putative nationwide class arbitration claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), pending before the American Arbitration Association ("AAA"). Salas initially filed a putative nationwide collective action in the United States District Court for the District of Massachusetts, 1:22-cv-11634 (Complaint attached as Exhibit 1). In reaction to UniFirst's anticipated motion to compel individual arbitration, Salas voluntarily dismissed the federal case and filed a demand for class arbitration with the AAA (Demand for Arbitration attached as Exhibit 2). Because class arbitration is an issue of arbitrability for a court to decide, not an arbitrator, UniFirst brings this action to judicially enforce its right to *individual* arbitration. The Parties' agreement, a true and correct copy of which is attached hereto as Exhibit 3 ("Agreement"), makes no affirmative mention of class arbitration, and therefore, does not authorize it. *See Lamps Plus. v. Varela*, 203 L. Ed. 2d

1

636, 139 S. Ct. 1407, 1416 (2019) ("silence" and even "ambiguity" are insufficient to "infer consent to participate in class arbitration").

## II.
### PARTIES

2.      UniFirst is one of North America's largest workwear and textile service companies, selling and renting uniforms, protective clothing, and supplies.  UniFirst is incorporated in the State of Massachusetts and its principal place of business is in Massachusetts.

3.      Salas is a natural person domiciled in San Antonio,  Bexar County, Texas residing at 13034 North Run, San Antonio, Texas 78249, who from approximately August 2019 through March 2020 worked for UniFirst as a Sales Representative servicing customers in Texas, including selling uniforms and other goods originating within Texas.

## III.
### JURISDICTION & VENUE

4.      This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Salas's underlying action is under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  See *Vaden v. Discover Bank*, 556 U.S. 44, 50 (2009).

5.      This Court has CAFA jurisdiction pursuant to 28 U.S.C. § 1332(d).  The putative nationwide class includes thousands of current and former Sales Representatives who allegedly worked "over" twenty hours of unpaid overtime per week over a period of three years, with aggregate alleged damages well in excess of $100 million.  A member of the class, Salas for one example, is a citizen of a different state Texas than UniFirst, Massachusetts.

6.      Venue is proper under 28 U.S.C § 1391 because Defendant resides in, and a substantial part of the events giving rise to the underlying FLSA claim took place in, this District.

## IV.

### FACTS

7.     On July 19, 2019, Salas executed the Employment and Restrictive Covenants Agreement ("Agreement") with UniFirst, a true and correct copy of which is attached hereto as Exhibit 3-A.  The Agreement calls for the mandatory binding arbitration before the "American Arbitration Association ('AAA')" of "any claim" that "Employee may have against the Company" "arising from, or related to this Agreement or the Employee's employment with the Company," including but not limited to claims based on "exemption misclassification," "unpaid … overtime pay," and "the Fair Labor Standards Act."  Ex. 3-A, ¶11(a).  The Agreement further provides that the right to arbitration "shall be specifically enforceable … in court" and that "the court shall have the authority to decide issues of arbitrability and related procedural matters."  Ex. 3-A, ¶11(e).

8.     On September 27, 2022, Salas sued UniFirst in the United States District Court for the District of Massachusetts.  Ex. 1.  She asserted claims on behalf of herself and a putative nationwide class based on UniFirst allegedly "misclassif[ying]" them "as exempt from the overtime compensation requirements of the FLSA."  Ex. 1,  ¶¶ 1-5.

9.     On January 10, 2023, in reaction to UniFirst's anticipated motion to compel individual arbitration, Salas voluntarily dismissed the federal case and filed a demand for class arbitration with the AAA.  Ex. 2.  Because class arbitration is an issue of arbitrability for a Court to decide, not an arbitrator, UniFirst brings this action to judicially enforce its right to individual arbitration.

## COUNT I

### BREACH OF CONTRACT

10.    UniFirst incorporates the allegations of paragraphs 1-10.

11.    There is a contract between the Parties, a true and correct copy of which is attached hereto as Exhibit 3.  Arbitration agreements are valid and enforceable under federal and state law. 9 U.S.C. § 2 (arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract or as otherwise provided in chapter 4").  Arbitration agreements are specifically enforceable.  9 U.S.C. § 4 ("court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement").

12.    Salas breached the contract by initiating a demand for class arbitration.  Agreement to arbitrate on a class basis may not be inferred "solely from the fact of the parties' agreement to arbitrate … because class-action arbitration changes the nature of arbitration to such a degree that it cannot be presumed the parties consented to it simply by agreeing to submit their claim to an arbitrator."  *Stolt-Nielsen v. AnimalFeeds Int'l*, 559 U.S. 662, 685 (2010) ("a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so"); see also *Dean v. Biggs & Greenslade*, 2021 WL 2002440, *5 (S.D. Tex. May 19) ("Because the [agreement] is silent as to whether class claims should be arbitrated, classwide arbitration in this case is not appropriate," even though it "expressly incorporated" the AAA rules).

13.    Salas's breach has damaged UniFirst by depriving it of its bargained for right to individual arbitration of disputes between Salas and UniFirst.

WHEREFORE, UniFirst respectfully requests:

a.   Order preliminarily enjoining and staying the arbitration to the extent Salas purports to pursue claims against UniFirst on behalf of or for the benefit of anyone other than Salas herself;

b.   An order permanently enjoining all arbitration claims Salas purports to pursue in any forum against UniFirst on behalf of or for the benefit of anyone other than Salas herself;

c.   Judgment declaring that Salas's claims against UniFirst must be arbitrated individually, and not as a class or on a representative basis on behalf of or for the benefit of anyone other than Salas herself;

d.   Judgment compelling Salas to individually arbitrate her claims before the AAA;

e.   Judgment awarding to UniFirst its costs and attorneys' fees pursuant to Section 15 of the Agreement; and

f.   Any other or further appropriate relief.

Respectfully submitted,

UNIFIRST CORPORATION,

By:*/s/ Lawrence D. Smith*
      Lawrence D. Smith
      State Bar No.  18638800
      OGLETREE, DEAKINS, NASH,
      SMOAK & STEWART, P.C.
      112 East Pecan Street, Suite 2700
      San Antonio, TX 78205
      210-354-1300 – Telephone
      210-277-2702 - Facsimile
      larry.smith@ogletree.com

Thomas A. Lidbury (IL 6211158)
Zachary A. Pestine (IL 6324485)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
155 North Wacker Drive, Suite 4300
Chicago, IL 60606
312-558-1230 – Telephone
312-807-3619 – Facsimile
thomas.lidbury@ogletree.com
312-558-1242 – Telephone
312-807-3619 – Facsimile
zac.pestine@ogletree.com

54779193.v1-OGLETREE