IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNIFIRST CORPORATION, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | SA-23-CV-095-FB |
| | § | |
| JESSICA SALAS, | § | |
| | § | |
| *Defendant*. | § | |

## JOINT AGREED MOTION TO APPROVE SETTLEMENT

The Parties, Plaintiff, UniFirst Corporation ("UniFirst"), and Defendant, Jessica Salas ("Salas"), move to approve the settlement reached by the Parties and would respectfully show the Court as follows:

### I. PROCEDURAL BACKGROUND & APPLICABLE STANDARD

Unifirst brought this action to compel individual arbitration with respect to Salas's claims that she was misclassified as exempt from the overtime compensation requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and worked uncompensated overtime. Salas initially sued UniFirst on September 28, 2022, under the FLSA in the United States District Court for the District of Massachusetts on behalf of herself and a putative nationwide class. On January 10, 2023, Salas voluntarily dismissed her lawsuit and filed a demand with the American Arbitration Association (AAA) seeking class arbitration. UniFirst filed this action seeking to compel individual arbitration of her FLSA claim, invoking the Court's "look through" jurisdiction to the underlying FLSA claim. See *Vaden v. Discover Bank*, 556 U.S. 44, 50 (2009)

To avoid the expense, distraction, uncertainty and delay of litigation, the Parties have entered into the Settlement Agreement attached hereto as Exhibit A (the "Settlement"). The Settlement is conditioned on the approval of the Court, because approval may be required by law.

See *Bodle v. TXL Mortg. Corp.*, 788 F.3f 159, 164 (5th Cir. 2015) ("many courts have held that, in the absence of supervision by the Department of Labor or scrutiny from a court, a settlement of an FLSA claim is prohibited"); *Ibarra v. Del's Grass Farm*, 2022 WL 1157657, * 1 (W.D. Tex. April 19) ("Given the uncertainty regarding the reach of *Martin [v. Spring Break '83 Productions*, 688 F.3d 247 (5th Cir. 2012)], the fact that the application of an FLSA exemption is at issue in this case, and that district courts in this Circuit continue to review FLSA settlements, the Court will review the parties' proposed settlement for reasonableness.").

In order for a court to approve a settlement of FLSA claims, the settlement must reflect a "fair and reasonable resolution of a *bona fide* dispute" concerning coverage by the FLSA or the hours worked or amount of compensation owed.  See *Ibarra*, 2022 WL 1157657, * 2.

## II.    SETTLEMENT AGREEMENT IS A FAIR AND REASONABLE RESOLUTION OF A BONA FIDE DISPUTE UNDER THE FLSA.

The settlement is a fair and reasonable resolution of *bona fide* disputes concerning coverage by the FLSA, hours worked, and compensation due. Salas was employed by UniFirst as an Outside Sales Representative from approximately August 2019 through March 2020.

The settlement was reached in arms' length negotiations in which Salas is represented by highly experienced and capable attorneys who specialize in wage and hour claims. *Ibarra*, 2022 WL 1157657, * 2 (basing approval in part on the fact that the settlement was "negotiated by experienced labor and employment attorneys as part of an arms' length transaction").

The settlement reflects the existence of multiple *bona fide* disputes.  First, there is a b*ona fide* dispute as to whether Salas was exempt under the outside sales exemption. See 29 USC § 213(a)(1); 29 CFR 541.500-504(a).  Second, there is a *bona fide* factual dispute whether she worked more than 40 hours in any work week and, if so, how much and how often.  Third, there is a *bona fide* dispute whether Salas's claims are barred by the applicable statute of limitations.

Under the FLSA's general two-year statute of limitations, Salas would be entitled to no recovery. If there were a finding of willfulness and a three-year statute of limitations applied then there would be approximately a 7 month window of potential liability.

Despite the multiple uncertainties as to liability and damages, the settlement provides a significant recovery to Salas. She earned a base hourly rate of $13.64. As a result of the *bona fide* disputes concerning whether she was owed any overtime and if so, how much, the Settlement pays Salas $1,153.93. This is equivalent to approximately 56 hours of overtime. The Settlement also pays Salas' attorneys' fees, $1,017.93.

The undersigned counsel for both Parties believe this settlement is a fair and reasonable compromise of multiple *bona fide* disputes and is preferable to continuing to litigate to an uncertain conclusion.

A proposed order approving the Settlement is being tendered to the Court concurrently herewith.

WHEREFORE, the Parties request that the Court approve the Settlement and dismiss the case with prejudice.

April 13, 2023                                    Respectfully submitted,

                                                  UNIFIRST CORPORATION,


                                                  */s/Lawrence D. Smith*
                                                  Lawrence D. Smith
                                                  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                                                  112 East Pecan Street, Suite 2700
                                                  San Antonio, TX 78205
                                                  larry.smith@ogletree.com
                                                  210-277-3610

JESSICA SALAS,

*/s/Carl A. Fitz*
Carl A. Fitz
JOSEPHSON DUNLAP
11 Greenway Plaza, Suite 3050
Houston, TX 77046
cfitz@mybackwages.com
713-352-1100

### CERTIFICATE OF SERVICE

I certify that on April 13, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

*/s/Lawrence D. Smith*
Lawrence D. Smith